UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARGES CARPENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-42 RLW |
| ) | |
| WESTIN HOTEL, et al., ) | |
| ) | |
| Defendants. ) | |

CHARLES CARPENTER,

Plaintiff,

v.                                   No. 4:24-CV-42 RLW

WESTIN HOTEL, et al.,

Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Charles Carpenter's submission of a civil complaint, motion for leave to proceed in forma pauperis, motion to correct the name of one defendant, and motion for appointment of counsel. The Court has reviewed the motion for leave to proceed in forma pauperis and concludes that Plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. In addition, for the reasons explained below, the Court will partially dismiss the Complaint, direct the Clerk to correct one defendant's name, and direct the Clerk to effect service of process as to Plaintiff's Americans with Disabilities Act claims against defendant Westin Hotel only. The Court will deny Plaintiff's motion to appoint counsel, without prejudice.

**The Complaint**

Plaintiff filed the Complaint on or about January 9, 2024 against defendant Westin Hotel and three individuals: Alida Poston, Latrina Griffin, and Daniel Snyder. Plaintiff subsequently filed a motion stating that he misidentified one of the defendants, and asks to substitute Brian Schneider in place of Daniel Snyder. This motion is granted. Plaintiff identifies the three individual defendants—Poston, Griffin, and Schneider—as Westin Hotel employees.

Plaintiff placed check marks on the form complaint to state he brings claims pursuant to the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). Plaintiff did not indicate an intent to bring a claim under the Age Discrimination in Employment Act.

Plaintiff alleges he suffered discrimination on October 19, 2023, and placed check marks on the form complaint to indicate that the complained-of conduct included termination of his employment, failure to accommodate his disability, retaliation, and harassment. He also placed a check mark to indicate that he believed he suffered discrimination on the basis of disability.

In support of his ADA claim, Plaintiff alleges he was "out on injury from work due to my back" but was defendant Poston did not call him to return to work because Poston "had her kin people to work my job[.]" (ECF No. 1 at 5).

In support of his Title VII discrimination and retaliation claims, Plaintiff alleges:

> [Defendant] Latrina Griffin called me on my personal phone while I was off duty, I had just told her I just had to be rescued off a stuck work elevator, her gripe was hurry up and get cars moved no concern about my mental health, she even said that I cursed her out which was not true she was at home in her bed at the time of the phone call harassing me this can be proved.
>
> [Defendant Brian Schneider] talked to me like I was his kid in front of my coworkers belittling me, he was screaming and shouting which was ultimately turn the situation a hostile work environment, all was due to retaliation because of an open workers comp case, that was open and pending.

*Id.* at 6. Plaintiff seeks reinstatement to his position and monetary relief, "cease and desist and some time off with pay to find relocation." *Id.* at 7.

Plaintiff states that he filed a charge of discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC"), and attached a copy of a Determination and Notice of Rights from the EEOC dated December 21, 2023.

-
-

Plaintiff did not provide a copy of his charge of discrimination, but he does indicate that he complained of the same conduct as alleged in the Complaint.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). The facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not

alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Discussion

The ADA bars private employers from discriminating against a qualified individual on the basis of disability. *Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d 933, 940 (8th Cir. 2018). To establish a prima facie case of discrimination under the ADA, a plaintiff must show that he: (1) is disabled within the meaning of the ADA; (2) is a qualified individual under the ADA; and (3) has suffered an adverse employment action because of his disability. *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013).

In the Complaint, Plaintiff's allegations plausibly allege a prima facie ADA claim against Westin Hotel. The Court will therefore require Westin Hotel to respond to the Complaint. However, individual employees cannot be held liable under the ADA. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999). The Court will therefore dismiss Plaintiff's ADA claims against the three individual defendants.

Plaintiff also brings Title VII claims of discrimination and retaliation. Plaintiff's Title VII claims against the individual defendants will be dismissed because individual employees cannot be held liable under Title VII. *Spencer v. Ripley Cnty. State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam). The Court now addresses Plaintiff's Title VII claims against Westin Hotel.

Plaintiff's Title VII discrimination claim is premised upon conduct that allegedly created a hostile work environment. A hostile work environment claim is a type of discrimination claim under 42 U.S.C. § 2000e-2(a). *Mahler v. First Dakota Title Ltd. P'ship*, 931 F.3d 799, 806 (8th Cir. 2019). To state a prima facie claim, Plaintiff must show that: "(1) []he is a member of the class of people protected by the statute, (2) []he was subject to unwelcome harassment, (3) the

harassment resulted from h[is] membership in the protected class, and (4) the harassment was severe enough to affect the terms, conditions, or privileges of h[is] employment." *Id.* (quoting *Blake v. MJ Optical, Inc.*, 870 F.3d 820, 827 (8th Cir. 2017)).

Plaintiff's Title VII discrimination claims against Westin Hotel fail because the Complaint contains no allegations that would establish the first element: that Plaintiff is a member of a protected class. Consequently, Plaintiff could not establish the third element either. This Court will not assume facts Plaintiff has not alleged. *Stone*, 364 F.3d at 914-15. The Court therefore concludes that Plaintiff has failed to state a valid Title VII discrimination claim against Westin Hotel.

Plaintiff can also be understood to assert a Title VII retaliation claim. Title VII makes it unlawful for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, Plaintiff must demonstrate that: (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Thomas v. Corwin*, 483 F.3d 516, 530 (8th Cir. 2007).

In the Complaint, Plaintiff claims the allegedly retaliatory conduct was "because of an open workers comp case, that was open and pending." (ECF No. 1 at 6). Filing a worker's compensation claim is not statutorily protected activity under Title VII, however, and Plaintiff identifies no other activity that could be construed as activity protected by Title VII. Plaintiff therefore cannot establish the first element and his Title VII retaliation claim fails.

For the foregoing reasons, the Court will dismiss all of Plaintiff's Title VII claims and his ADA claims against the individual defendants, and will direct the Clerk to issue process upon Westin Hotel as to Plaintiff's ADA claims only.

Plaintiff has also filed a motion to appoint counsel. The motion will be denied without prejudice. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that Plaintiff is incapable of investigating the facts and presenting his claims, and the factual and legal issues appear straightforward.  The remaining defendant has not been served with process yet and discovery has not begun, so there is no conflicting testimony. The Court recognizes that circumstances may change in the future and will deny the motion without prejudice. The Court will consider future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

6

**IT IS FURTHER ORDERED** that Plaintiff's motion to correct the name of a defendant (ECF No. 4) is **GRANTED**, and the Clerk of Court shall replace the name of Defendant Daniel Snyder on the docket sheet with the name "Brian Schneider."

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, are **DISMISSED,** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Americans with Disabilities Act claims against Defendants Alida Poston, Latrina Griffin, and Brian Schneider are **DISMISSED,** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the remaining claims in the Complaint as to Defendant Westin Hotel via its registered agent, C T Corporation System, 120 S Central Ave., Clayton, MO 63105.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of May, 2024.