UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES CARPENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-00042-SRC |
| ) | |
| MERRITT HOSPITALITY, LLC ) | |
| d/b/a HEI HOTELS & RESORTS, ) | |
| ) | |
| Defendant. ) | |

**Memorandum and Order**

Charles Carpenter, a self-represented litigant, claims that Merritt Hospitality fired him from his job as a valet at a hotel in St. Louis, Missouri due to a disability. Merritt Hospitality moves for summary judgment and contends, among other things, that Carpenter does not meet the criteria of a disabled person under the Americans with Disabilities Act. Merritt Hospitality maintains instead that it fired Carpenter due to an expletive-laden on-the-job altercation with various other employees and supervisors. Because the Court agrees that no evidence in the record supports Carpenter's alleged disability, the Court grants summary judgment for Merritt Hospitality.

**I.  Background**

  **A.  Factual background**

The Court finds the following facts undisputed for summary-judgment purposes, most of which the parties agree are undisputed. Also, under Local Rule 4.01(E), "[a]ll matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Carpenter did not timely file any response in opposition to Merritt Hospitality's

summary-judgment motion. *See* doc. 50 at 1 (The Court cites to page numbers as assigned by CM/ECF.). The Court then issued a show-cause order, requiring Carpenter to, among other things, explain "why he ha[d] not filed any response in opposition to Merritt Hospitality's motion for summary judgment." *Id.* (citations omitted).

Some days later, Carpenter filed a four-page "Motion for Summary Judgment." Doc. 51 at 1 (emphasis omitted). And so the Court, in liberally construing Carpenter's filing, construed the document "as a response in opposition to Merritt Hospitality's motion for summary judgment." Doc. 52 at 2. In that response, however, Carpenter did not specifically address any of the facts in Merritt Hospitality's statement of uncontroverted materials facts. *See* doc. 51; doc. 47-2.

Additionally, "[a] plaintiff's verified complaint is the equivalent of an affidavit for purposes of summary judgment, *Watson v. Jones*, 980 F.2d 1165, 1166 (8th Cir.[ ]1992), and a complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint, 28 U.S.C. § 1746." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994–95 (8th Cir. 2001). Carpenter's operative complaint consists of two filings: (i) Carpenter's employment-discrimination complaint, doc. 1; and (ii) Carpenter's supplemental memorandum, doc. 4. Only the first filing satisfies the requirements of a verified complaint. *See* doc. 1 at 8 (declaring "under penalty of perjury that the foregoing [complaint] is true and correct" and including the date and Carpenter's signature); doc. 4.

Carpenter's verified complaint, however, did not specifically controvert any of the facts in Merritt Hospitality's statement of uncontroverted materials facts. *See* doc. 1; doc. 47-2; doc. 51. Thus, pursuant to Local Rule 4.01(E), the Court "deem[s] admitted for purposes of summary judgment" all facts "set forth in" Merritt Hospitality's statement of uncontroverted materials

2

facts. Doc. 47-2. To the extent any arguably disputed facts exist, the Court addresses below whether *genuine issues of material fact* exist (and finds that none do).

Merritt Hospitality hired Carpenter in September 2021 as a valet attendant at the Westin St. Louis. Doc. 46 at ¶ 1.[1] Around October 2022, Carpenter sustained an on-the-job injury and began an extended leave of absence due to the injury. *Id.* at ¶ 2. In March 2023, Carpenter returned to work on a light-duty basis, performing non-valet duties consistent with his physical restrictions at the time, including dusting and vacuuming. *Id.* at ¶ 3. Shortly after returning to work, Carpenter became reinjured and returned to his leave of absence due to his injury. *Id.* at ¶ 4. Carpenter returned to work around October 11, 2023. *Id.* at ¶ 5.

On the same day he returned to work, Carpenter indicated on an employee-availability form that he could work as a valet only during the daytime shift (7 a.m. to 3 p.m.) on Tuesday through Saturday. *Id.* at ¶ 6; *see also* doc. 47-3 at 43. Also on that day, Carpenter attended a meeting with Alida Poston, the director of human resources. Doc. 46 at ¶ 7. Carpenter informed Poston that he did not have any physical restrictions and could work only the daytime shift as a valet. *Id.*; *see also* doc. 47-3 at 45. Poston then informed Carpenter that, because the Westin St. Louis "did not have daytime shifts available" for the valet position, he "would need to move to part-time/on-call status given his" limited work availability. Doc. 46 at ¶ 8; *see also* doc. 47-3 at 45, 47.

While Carpenter worked on October 15, 2023, Latrina Griffin, assistant front-office manager, called him on the phone. Doc. 46 at ¶ 9. During that call, Carpenter "was accused of being loud and unprofessional towards" Griffin. *Id.* On October 19, 2023, management

---

[1] In their stipulated-facts filing, the parties did not assign individual paragraph numbers or letters to each undisputed fact. *See* doc. 46 at 1–2. The parties instead separated each fact in a graphical table. *See id.* For clarity's sake, the Court, in the appendix attached to this order, assigns a paragraph number to each row of the table and, thus, refers to that paragraph number in this order.

3

confronted Carpenter about the October 15 phone call with Griffin. *Id.* at ¶ 11. During the October 19 meeting, Carpenter received a disciplinary document and "was accused of being loud," being "aggressive," and "using profanity and threatening language towards management." *Id.* at ¶ 12. Carpenter denies "that he was loud or aggressive or threatened management during his [October 19] conversations." *Id.*

The Court finds that the parties genuinely dispute whether Carpenter yelled, exhibited aggression, or threated management on October 19. *See id.* The Court assumes, for summary-judgment purposes only, that Carpenter did not yell, exhibit aggression, or threaten management on October 19. *See Ferguson v. Cape Girardeau Cnty.*, 88 F.3d 647, 650 (8th Cir. 1996) (holding that, when factual disputes exist at summary judgment, the court must "take all facts and reasonable inferences in the light most favorable to the nonmoving party"). Below the Court discusses whether this constitutes a "material fact" for purposes of summary judgment. Fed. R. Civ. P. 56(a).

Following the October 19 meeting, Carpenter "was suspended and asked to leave [h]otel property based on th[e] incident." Doc. 46 at ¶ 13. Then, in an October 25, 2023 letter, Carpenter "was informed [that] he was being terminated from his employment based on [the] alleged altercation with management on October 19." *Id.* at ¶¶ 14–15. Carpenter "is unaware of any facts that [Merritt Hospitality] terminated him for any other reason other than those stated in his termination letter." *Id.* at ¶ 19. Around December 2023, Carpenter "filed a charge of discrimination with the Equal Employment Opportunity Commission," alleging that "his termination . . . was based on his disability." *Id.* at ¶ 16.

4

B.     **Procedural background**

In January 2024, Carpenter sued Westin Hotel and three hotel employees, Poston, Griffin, and Brian Schneider.  Doc. 1 at 1; *see* doc. 5 at 1 (granting Carpenter's motion to substitute Schneider for Daniel Snyder).  The Court dismissed all Carpenter's claims except his ADA discrimination claim against Westin Hotel.  Doc. 5 at 7.  After resolving service-of-process and default-judgment issues, *see* docs. 10–17, Merritt Hospitality, the company that operates the Westin St. Louis, filed its answer, doc. 18; *see* doc. 25 at 2 (ordering the substitution of Merritt Hospitality for Westin Hotel).  The Court then held a Rule 16 conference, doc. 24, and issued a case-management order, doc. 26.

In May 2025, the parties filed a joint status report in which Merritt Hospitality indicated that it would file a motion for summary judgment, and Carpenter indicated that he did not intend to file a summary-judgment motion but, instead, would oppose Merritt Hospitality's forthcoming motion.  Doc. 45 at 1.  On the same day, the parties tendered a list of stipulated facts.  Doc. 46 at 1–2.  Later that month, Merritt Hospitality moved for summary judgment on Carpenter's remaining ADA discrimination claim.  Doc. 47.  As the Court mentioned above, Carpenter did not file any response in opposition to Merritt Hospitality's motion.  After the Court issued a show-cause order, doc. 50, Carpenter filed a short document titled "Motion for Summary Judgment."  Doc. 51 at 1 (emphasis omitted).  The Court liberally construed Carpenter's dilatory submission "as a response in opposition to Merritt Hospitality's motion for summary judgment."  Doc. 52 at 2.

Since Merritt Hospitality had previously filed a reply brief in support of its motion, doc. 49, the Court also granted Merritt Hospitality leave to file "a supplemental reply" brief, limited "to addressing Carpenter's arguments made in his" response brief "that Merritt

5

Hospitality ha[d] not already addressed in its initial reply brief," doc. 52 at 2.  A few days later, Merritt Hospitality filed its supplemental reply.  Doc. 53.  The Court addresses a few preliminary issues and then takes up Merritt Hospitality's fully briefed motion.

## II.     Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In ruling on a motion for summary judgment, the Court "is required to view the evidence in the light most favorable to the non-moving party and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts."  *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987) (citation omitted).  The moving party bears the initial burden of showing both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(a).

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).  Self-serving, conclusory statements without support are insufficient to defeat summary judgment.  *Armour & Co. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993).  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.   Discussion

#### A.   Preliminary issues

In Merritt Hospitality's supplemental reply brief, it asserts two threshold arguments before addressing Carpenter's response in opposition.  First, Merritt Hospitality argues that, in response to Court's most-recent show-cause order, doc. 50, Carpenter failed to show cause why the Court should not dismiss this case for failure to prosecute, doc. 53 at 2–3.  And second, Merritt Hospitality argues that Carpenter's filing that the Court construed as his response in opposition failed to comply with Local Rule 4.01(E), because Carpenter did not file a separate response to Merritt Hospitality's statement of material facts.  Doc. 53 at 3–4.

As for the first argument, Merritt Hospitality is correct:  Carpenter did not show cause why the Court should not dismiss this case for failure to prosecute.  *See* doc. 51.  But instead of considering dismissal of the case on that basis, however, the Court has a strong preference for deciding cases on the merits.  And now that Merritt Hospitality's motion for summary judgment is fully briefed, *see* docs. 47, 49, 51, 53, the Court does just that.  The Court need not resolve Merritt Hospitality's second argument because, as the Court concludes above, it deems admitted all facts in Merritt Hospitality's statement of uncontroverted materials facts pursuant to Local Rule 4.01(E).

#### B.   Carpenter's ADA discrimination claim

Merritt Hospitality moves for summary judgment on Carpenter's remaining ADA discrimination claim.  Doc. 47.  As explained, the Court grants Merritt Hospitality's motion.

"To obtain relief under the ADA" for alleged disability discrimination, Carpenter "must show that he (1) has a 'disability' within the meaning of the ADA, (2) is a 'qualified individual' under the ADA, and (3) 'suffered an adverse employment action as a result of the disability.'"

7

*Fenney v. Dakota, Minn. & E. R.R. Co.*, 327 F.3d 707, 711 (8th Cir. 2003) (quoting *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490 (8th Cir. 2002)); *see Brunckhorst v. City of Oak Park Heights*, 914 F.3d 1177, 1183 (8th Cir. 2019). "If a party alleges a claim of discriminatory disparate treatment, then the traditional burden-shifting framework of [*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)] will apply." *Fenney*, 327 F.3d at 711–12.

Carpenter "must initially establish each element of the prima facie case," *id.* at 712 (citing *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1134–35 (8th Cir. 1999) (en banc)), and his failure to establish one element supports granting summary judgment in Merritt Hospitality's favor, *see Canning v. Creighton Univ.*, 995 F.3d 603, 615 (8th Cir. 2021) (affirming lower court's entry of summary judgment for defendant because the plaintiff failed to "show that [defendant] regarded her as disabled when it terminated her"). If Carpenter satisfies all three elements, "[t]he burden of production then shifts to [Merritt Hospitality] to show a legitimate, nondiscriminatory reason for the adverse action." *Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 755 (8th Cir. 2016) (citing *Wenzel v. Mo.-Am. Water Co.*, 404 F.3d 1038, 1040 (8th Cir. 2005)). And then "the burden shifts back to [Carpenter] to show that the proffered reason was, in reality, a pretext for discrimination." *Id.* (citing *Wenzel*, 404 F.3d at 1040).

As for the "disability" element of the prima facie case, Carpenter must "establish[] that: (A) he [was] physically or mentally impaired such that he [was] substantially limited in one or more major life activity; (B) he has a record of such an impairment; or (C) he [was] regarded as having such an impairment." *Kellogg v. Union Pac. R.R. Co.*, 233 F.3d 1083, 1087–88 (8th Cir. 2000); *see* 42 U.S.C. § 12102(1) (defining "disability").

The undisputed facts establish that Carpenter did not have a "disability" when he returned to work on October 11, 2023. In fact, the parties stipulated that, on the same day that Carpenter

8

returned to the Westin St. Louis, he informed Poston, the director of human resources, "that he did not have *any* physical restrictions." Doc. 46 at ¶ 7 (emphasis added); *see also* doc. 47-3 at 45 ("No restrictions physically."). The parties also stipulated that the only restrictions that Carpenter had were availability-based. Doc. 46 at ¶ 7; *see also* doc. 47-3 at 45 ("Mr. Carpenter is only available day shift Tuesday–Saturday."). Carpenter moreover did not provide a shred of evidence in his verified complaint or in his response in opposition that he "ha[d] a disability as defined by the ADA," *Nyrop v. Indep. Sch. Dist. No. 11*, 616 F.3d 728, 735 (8th Cir. 2010), at the time of Griffin's October 15 phone call to him, during the October 19 meeting with management, or when Merritt Hospitality terminated him on October 25, *Canning*, 995 F.3d at 615 (limiting the disability inquiry to the time of "the [alleged] adverse-employment action at issue"); *see* docs. 1, 51. Separately, as for the October 19 meeting, whether Carpenter yelled, exhibited aggression, or threated management does not move the needle as to Carpenter's lack of disability. Thus, "there is no genuine dispute as to any *material* fact." Fed. R. Civ. P. 56(a) (emphasis added).

Carpenter also proffered no evidence or argument that "he ha[d] a record of such an impairment" or that Merritt Hospitality "regarded [him] as having such an impairment." *Kellogg*, 233 F.3d at 1088; *see* docs. 1, 51. Instead, the parties stipulated that Carpenter worked as a valet attendant for thirteen months before he became injured on the job and began a leave of absence. Doc. 46 at ¶¶ 1–2. Merritt Hospitality, however, provided evidence, which Carpenter did not controvert, that Merritt Hospitality's third-party benefits administrator denied Carpenter's request for short-term disability on November 10, 2022 because "medical documentation reflected that he was not prevented from performing the essential duties of his" job as a valet. Doc. 47-2 at ¶ 13; *see* doc. 47-5 at 2–4; docs. 1, 51 (failing to controvert this fact).

9

The parties further stipulated that, when Carpenter returned from his absence in March 2023, he returned to work on a light-duty basis before returning to a leave of absence due to his injury. *Id.* at ¶¶ 3–4. Carpenter thus has not come close to establishing that he "ha[d] a history of . . . [a] physical impairment that substantially limit[ed] one or more major life activities." *Nyrop*, 616 F.3d at 735 (second and third alteration in original) (quoting 29 C.F.R. § 1630.2(k)).

Nor did Carpenter establish that Merritt Hospitality "regarded [him] as having a physical impairment that substantially limited [his] ability to work or substantially limited any other major life activity." *Id.* at 736. The parties instead stipulated that, upon Carpenter's return to work in October 2023, the only restriction that he informed management of "was [that he was] only available to work the daytime shift." Doc. 46 at ¶ 7; *see also* doc. 47-3 at 45. And because the Westin St. Louis "did not have daytime shifts available" at that time, the parties stipulated that Merritt Hospitality "move[d] him to part-time/on-call status." Doc. 46 at ¶ 8. Carpenter, however, offered no evidence that Merritt Hospitality "regarded him as unable to perform a class of jobs." *Wenzel*, 404 F.3d at 1041; *see* docs. 1, 51.

In sum, the undisputed facts show that Carpenter cannot prove that he had a disability as defined by the ADA and, on that basis, Carpenter's ADA discrimination claim cannot go to a jury.

IV.     **Conclusion**

Accordingly, the Court grants Merritt Hospitality's [47] Motion for Summary Judgment. The Court enters judgment in favor of Merritt Hospitality, dismissing Carpenter's ADA discrimination claim with prejudice. A separate judgment accompanies this order.

So ordered this 19th day of August 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE